CHARLES J. DODGE *et al. vs.* FRANK C. DODGE *et al.*

MAY 24, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto and Condon, JJ.

Moss, J. This suit in equity is before us on the complainants' appeal from a decree of the superior court dismissing the bill of complaint after a hearing on the bill, answer and replication and the filing of a decision for the respondents.

The suit was brought on June 30, 1931 by Charles J. Dodge, Samuel R. Dodge and Helen F. Ernst against Frank C. Dodge, his wife Jeanne Dodge, and John W. Dodge, father of all the other parties except Jeanne Dodge. The principal relief prayed for in the bill is that certain described written instruments, executed after April 26, 1929, by the

respondents or some of them, be declared invalid and be cancelled.

The grounds upon which this relief is sought are that none of these instruments could be valid without the assent of the father, John W. Dodge; that he was not mentally competent to give it; and that his assent was procured by undue influence by the other respondents. These instruments were preceded by two other instruments, the validity of which was not in dispute. By the earlier of those two instruments, which was executed and acknowledged by John W. Dodge on April 25, 1929 and duly recorded, he conveyed all his real estate, located in Massachusetts and Rhode Island, and all his personalty to his sons Charles and Frank upon the trusts set forth in the later of those two instruments, which was a declaration of trust, executed by these sons on April 26, 1929, and under which he was to be sole beneficiary during his lifetime.

In this declaration it was provided that at any time he could amend it, could remove any trustee and could fill any vacancy; and that upon his death his beneficial interest in the trust property should pass to such person or persons as he should, by instrument executed in his lifetime or by will, appoint.

Among the instruments, the validity of which was attacked in the bill of complaint, was one executed by the father, by which he removed his son Charles as one of the two trustees under the trust, appointing no successor and leaving his son Frank as the sole trustee up to the time of the hearing of the cause on its merits. Others of these instruments were deeds by which most of the trust properties, with the written assent of the father, had been conveyed free of the trust, by Charles, as trustee, to his wife, who had then conveyed them to Charles, free of the trust, subject, as to some of these properties, to life estates in the father.

The cause was heard in the superior court on bill, answer

and replication, in November 1931; and in the decision, filed by the trial justice on December 3, 1931, he found that the father was not mentally incompetent to give valid assent to the instruments which the complainants sought to have annulled. In this connection he called attention to the fact that it was proved that in September 1930 the probate court of the town of Barrington in this state had, by a decree, refused to grant either part of a petition filed by the complainants herein for the appointment of a guardian of the person and estate of their father and that no appeal from that decree had been taken.

The trial justice also found that the complainant Charles had not proved by a preponderance of the evidence that, by one of the instruments sought to be annulled, his father had improperly removed him as one of the trustees of the trusts created for the father's benefit by the two earlier instruments above referred to, it not having been shown by the evidence that the removal had been brought about by undue influence by the other respondents or either of them. He also found in substance that, as all of the complainants were only in the position of heirs and next of kin of their father during his lifetime, they had no present right in any of his property and therefore had no right to contest the validity of any of the other instruments which they sought to have annulled.

The complainants contended, at the hearing in the superior court on the merits of the cause, that they did have a vested or present interest in the trust property because of an instrument referred to as "Instructions to Trustee". This was one of the instruments executed by their father after April 26, 1929 and the validity of which they denied in their bill of complaint, upon the grounds above stated.

That instrument was executed by the respondent John W. Dodge on December 19, 1929. Therein he described himself as the beneficiary in the above-described declaration of trust and stated that by virtue of the powers in him

vested and reserved thereby he instructed and empowered the trustee or trustees thereunder, at the termination of the trust, to distribute in a certain manner all the real and personal property then in the trust. According to the instructions therein set forth, a substantial portion of the trust property would have been distributable, at the termination of the trust, to each of the complainants Samuel R. Dodge and Helen F. Ernst.

The conclusion of this instrument was as follows: "I further certify that I have revoked and destroyed any and all wills and codicils heretofore made by me and that I execute this instrument in lieu of all testamentary dispositions. IN TESTIMONY WHEREOF I have hereunto set my hand and seal and acknowledged the foregoing instrument to be my free act and deed, in presence of three (3) witnesses this nineteenth day of December A. D. 1929." His signature and seal were then placed upon the instrument.

On the same date it was acknowledged to be his free act and deed before a notary public of Massachusetts, whose seal was placed upon it. Immediately after the acknowledgment appears the following language: "On this nineteenth day of December, A. D. 1929 the above instrument was read over to and approved by John W. Dodge who signed, sealed and acknowledged the same in our presence and as witnesses thereof, we three (3) at his request and in his presence and in the presence of each other, hereto subscribe our names." This is followed by the signatures of three persons. The instrument was recorded in the registries of deeds of Plymouth County, Massachusetts, and the town of Barrington, Rhode Island.

In his decision the trial justice said as to this instrument: "It would seem that this instrument was testamentary in character and was apparently executed under the provisions of Sec. 10 of the declaration of trust. It was also executed with all the formalities of a will and if testamentary presumably could be changed. The Court feels that it created

no such present interest in their father's estate as would now be available to the complainants."

After considering the language of that section of the declaration of trust which is above referred to and other pertinent sections of that declaration, we are of the opinion that if this instrument referred to as "Instructions to Trustee" was not actually a will, it so much partook of the character of a will that none of the complainants had, by virtue of it, any right, title or interest in any of the trust property or assets during the lifetime of their father.

Therefore, and because of our agreement, as above stated, with the conclusion of the trial justice, in his decision, that the complainant Charles J. Dodge did not have, in this cause, any right to relief by reason of the fact that his father had removed him as one of the trustees of the trust estate, we find nothing wrong with the final conclusions stated by the trial justice, in that decision, that the complainants were not entitled to any injunction to prevent their father from disposing of any of his property by will; that none of them was in a position to maintain the bill; and that it should be dismissed.

It was upon and in accordance with that decision that the final decree was entered in the superior court on December 4, 1931 dismissing the bill of complaint; and it was from that decree that the complainants filed their appeal to this court, the grounds stated therefore being, in substance, that the decree was against the law and against the evidence and the weight thereof. The cause reached this court on February 13, 1932, but was not brought before this court for hearing until February 10, 1943.

In the meantime the father, John W. Dodge, had died, a suggestion of his death being filed in this court on December 15, 1942. We find nothing in the record or papers in the cause to show when he died, though it is stated in the respondents' brief filed with us that he died in June of 1933, and that statement has not been questioned by the complainants' counsel.

The complainants, in their brief, then proceed to reargue that his death made them proper parties in interest and removed the ground upon which the decision and final decree of the superior court denying them any relief was based; and that they are now entitled to maintain their suit and to have that decree reversed. They have cited to us *Shepard* v. *Springfield F. & M. Ins. Co.*, 42 R. I. 174, and *Purcell* v. *John Hancock Mutual Life Ins. Co.*, 56 R. I. 93; but neither of those cases gives any support to that contention. Indeed, the complainants frankly admit in their brief that they have found no case in the reports which in its facts even remotely resembles this one; but they say that they "rely on the general principle of equity to do justice between the parties at the expense of inflexible procedure and especially upon the liberal interpretation of that general principle shown by this Court in many cases . . . ." They then add: "Our embarrassment arises then from the circumstance that we are asking for a reversal of the decree of the Superior Court and at the same time agree with the findings of said court."

They assert that the superior court expressed the opinion that there was a meritorious case, had only the proper parties brought the bill. But we find for such assertion no support in the decision or the decree of that court. The nearest that the trial justice came to expressing such an opinion was to say in his decision: "It seems well settled as a principle of law, both in this state and generally, that a purchase by a trustee from his cestui que trust, even for a fair price and without any undue advantage, is generally voidable and will be set aside on behalf of the beneficiary. It seems, however, equally plain that proceedings to set aside such conveyances must be brought either by the cestui himself or by some guardian or conservator properly appointed to represent him."

The complainants have vigorously contended before us this cause at great length on what they contend would have

been its merits, if they had been proper parties in interest when it was before the superior court. Under the circumstances we find no reason for sustaining their arguments on this basis.

Special counsel for the complainant Samuel R. Dodge has filed a very short brief in which he contends that the complainants were proper parties in interest during the time when this cause was pending in the superior court, saying that "one may well question the reasonableness of a doctrine which compels an heir apparent to stand idly by, while the estate of his parent is being dissipated by a guardian or other form of trustee, in control of the parent's property."

He bases his contention on sec. 5 of general laws 1923, chapter 105, entitled: "Of the Support and Discipline of Paupers" (G. L. 1938, c. 69, § 5). This section reads as follows: "The kindred of any such poor person, if any he shall have, in the line or degree of father or grandfather, mother or grandmother, children or grandchildren, by consanguinity, or children by adoption, living within this state and of sufficient ability, shall be holden to support such pauper in proportion to such ability."

No such contention was made in the superior court in this cause and there was no evidence that the complainants' father was a pauper or even likely to become one. We therefore find no merit in this contention.

We are of the opinion that there is no merit in any of the contentions in behalf of the complainants in support of any of their reasons of appeal; and that the final decree of the superior court should be affirmed.

The complainants' appeal is denied and dismissed; the decree appealed from is affirmed; and the cause is remanded to the superior court for further proceedings.

*Edward W. Bradford,* for Helen F. Ernst and Charles J. Dodge; *Henry M. Boss of counsel,* for Charles J. Dodge.

*Arthur Cushing,* for Samuel R. Dodge.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.,* for respondents Frank C. Dodge and Jeanne Dodge.