This is a bill in equity praying that two deeds to land in the town of Lincoln in this state be declared null and void because of the incompetency of the grantors, undue influence and duress. Following a full hearing on bill, answer and proof the trial justice denied and dismissed the bill. The cause is before us on complainants' appeal from a decree to that effect.
The travel of the cause is important in order to understand and determine the present appeal. This requires us to consider who are the real complainants, how Nicola and Domenica Marcaccio, eighty-seven and eighty-two years old respectively, were made parties complainant, the position that they took at the hearing on the merits in the superior court, and their subsequent application by petition to this court that they be accorded their proper status in the cause as justice requires.
Nicola and Domenica Marcaccio are the father and mother of Andrew Marcaccio, Anthony Marcaccio, Jennie Caparelli and Mary Calanduono, the last four being hereinafter referred to collectively as the real complainants. Upon filing the bill, wherein it was alleged that both their parents were incompetent mainly because of advanced age, those children, by ex parte
motion, asked for and obtained *Page 290 
permission to make their father and mother parties complainant by next friend, which was done. The bill was signed and sworn to by the children only. It is clear that neither Nicola nor Domenica Marcaccio had any knowledge that they were named complainants in this bill until about the time that the cause came up for hearing on its merits. It is also clear that the person who purported to act as next friend never saw or communicated with them, nor did he take any action whatever in their behalf.
Francesco A. Marcaccio and Thomas Marcaccio, other children of Nicola and Domenica Marcaccio, together with their respective wives and a son of Francesco are the respondents. They are the grantees in the two deeds from Nicola and Domenica Marcaccio which the real complainants seek to annul by these proceedings. Both deeds are dated February 15, 1946 and have been duly recorded.
Our purpose will be served by a brief summary of the voluminous evidence of record, which we have read. The testimony for the real complainants came almost entirely from them and members of their respective families. Such testimony consisted mainly of opinions expressed by the witnesses that Nicola and Domenica Marcaccio did not possess sufficient mental capacity to do business; that Nicola's memory was poor and at times he did not recognize members of the family; and that Domenica sometimes did not know what she was doing.
Domenica Marcaccio, the mother, who was made a party complainant in the circumstances hereinbefore related, was called as a witness by both parties. Her real position in the cause, as clearly appears in her testimony covering an entire court day of examination, was that of an actual respondent. Although illiterate, she related in accurate and positive language how she and her husband had struggled over the years to acquire considerable property, including water rights, in the town of Lincoln, and she enumerated with unusual clarity for a person of her age their various holdings and the returns therefrom. Testifying *Page 291 
as to the conveyances in question here, she stated that they were made in consummation of a purpose long entertained by herself and her husband to convey the property to Francesco and Thomas because the two latter, by hard work and the expenditure of considerable money, had first reclaimed the land from its original wild state and then built their homes and business establishments thereon. She further testified that before executing the deeds for such conveyances she and her husband consulted their attorney who prepared those instruments in accordance with their own desire and directions.
Nicola Marcaccio did not testify as he was confined to his home by an aggravated hernia. However, the testimony of his wife respecting his sound mental condition was supported by that of two doctors, namely, the family physician, and a neuropsychiatrist who examined him shortly before the hearing in the superior court.
In a carefully prepared rescript which fairly and fully reviewed all the evidence, the trial justice made a number of findings of fact, the most important of which in substance are as follows. Referring to the mental condition of Domenica Marcaccio, he said: "While she cannot read nor write, she impressed the Court as a woman of keen intelligence who had a will of her own and will power to carry out her purposes. * * * The Court observed her rather closely while she was testifying and has re-read her testimony. Without further analysis of her testimony, as a result of her appearance on the stand and her testimony, the Court is convinced of her full mental capacity and of her capacity to transact business regarding her property and to make conveyances and contracts in relation thereto."
After discussing both the lay and the undisputed medical evidence respecting Nicola's mental condition, he said: "The testimony taken as a whole is clear and convincing that prior to, at the time of the execution of the deeds, and from that time to the present Nicola Marcaccio and Domenica Marcaccio were and now are mentally competent *Page 292 
persons * * * and that the two several deeds were executed by their free act and deed and the free act and deed of each of the grantors."
With reference to the appointment of a next friend whereby Nicola and Domenica were made complainants in the cause, the trial justice left no doubt as to his evaluation of that proceeding by the following language: "It is clear that the control of litigation cannot be taken out of the mentally competent persons and the control of such litigation placed in the hands of a guardian ad litem on an ex parte order supported by affidavits shown by subsequent testimony clearly and convincingly to have been false in their allegations of incompetency." He therefore vacated the ex parte order of February 26, 1946 appointing a next friend, whom he referred to above as a guardian ad litem, and dismissed the bill "as to him and the parties he purported to represent, namely, Nicola and Domenica Marcaccio."
The real complainants, without the knowledge and consent of their parents as alleged complainants, claimed an appeal from a final decree incorporating, among others, the above-mentioned findings of fact. As the parents, Nicola and Domenica Marcaccio, were not aggrieved by that decree which confirmed what they had freely and voluntarily done, they nevertheless found themselves in the anomalous position of alleged aggrieved parties before us through the unauthorized act of the real complainants in prosecuting the appeal. In such a situation and while the appeal was pending they filed in this court a petition praying that they be made parties in their own right as justice requires in order to fix their actual status and "also to avoid any consequences which might or could arise in the future as to us or our property * * *." Following due notice to the attorney for the real complainants, we granted the motion and made Nicola and Domenica Marcaccio parties respondent in their own right, which was their actual status in the cause as evidenced by their conduct throughout these proceedings. *Page 293 
[1] Our examination of the evidence convinces us that all the findings of fact of the trial justice in the decree appealed from are supported by the overwhelming weight of the credible evidence in the cause. Such evidence clearly establishes that Nicola and Domenica Marcaccio were each fully competent to execute the two deeds in question here and that the conveyance to the respective grantees of the premises therein described was their free and voluntary act and not the result of duress or undue influence.
[2] In view of our conclusion it becomes unnecessary to express an opinion as to whether, under proper practice, a person may be made a party to a bill in equity by an alleged next friend merely upon an ex parte application. Unless caution is observed in such circumstances the harm that could follow is clearly evidenced by the situation appearing in the record now before us.
As the cause now stands, the real complainants have no right to maintain this appeal because no one is heir to the living. SeeSellman v. Sellman, 63 Md. 520; Dodge v. Dodge,69 R.I. 187. Nicola and Domenica Marcaccio, having been found competent and free of duress or undue influence, had the right to dispose of any or all of their property in such lawful manner as in their judgment they deemed just and proper.
The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.